IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH KELLY DINGLER (#00149118), § § § | |
| Plaintiff, § § | |
| V. § | No. 3:19-cv-2737-G-BN |
| § | |
| SOUTHERN HEALTH PARTNER, ET AL., § § § § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Joseph Kelly Dingler, detained pretrial at the Rockwall County jail, has filed this *pro se* action concerning the medical care he has received at the jail, *see generally* Dkt. No. 2, and his complaint includes a request for a temporary restraining order ("TRO") under which the Court would direct the jail to provide medical care specified by Dingler, would direct the jail to provide him resources to allow him to prosecute *pro se* litigation, and would direct the jail to return him to the general population, to ensure his access to the courts, *see id.* at 6-7.

Dingler's case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should deny Dingler's requested TRO.

**Applicable Background**

First, while Dingler has moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 3, based on court records, it is plausible that, under 28 U.S.C. § 1915(g), he is "BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *E.g., Dingler v. Bowles*, 113 F. App'x 6, 7 (5th Cir. 2004) (per curiam) (citation omitted). And the undersigned will explore this likelihood through court-ordered interrogatories to Dingler once the Court rules on his TRO.

Dingler is detained pretrial in Rockwall County facing charges of stalking and harassment. And he complains that medical personnel at the jail have denied him "1 of 2 medications [that were "suggested by prescribing Internal Medicine Specialist"] ... for 7 days as of November 6th, 2019"; that he "was never seen by any Specialist and about 30 day(s) after arrival, reluctantly, the 'Once a Month' visiting Dr prescribed [one of his requested medicines] in a greatly reduced dosage"; that, "after 60 days he finally received the 2nd med"; that he "still has not seen any specialist and the Defendants refuse to do comprehensive thyroid blood work to monitor the sufficiency of this [regimen]"; and that, although he received both medications for two weeks, he does not currently have access to the second medication – "Plaintiff was told it was a pharmacy error & it did start back up for maybe another week and stopped again, now being 7 days with only excuses from medical staff and all Sheriff Dept administrators ignore my requests & grievances." Dkt. No. 2 at 1-2.

His access-to-court allegations appear related to these claims but are also

possibly related to his pending criminal charges. *See id.* at 3-4.

## Legal Standards and Analysis

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). To obtain either, a plaintiff must "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

This is a "difficult" and "stringent" standard for the movant to meet, and the movant bears "the burden of establishing each element." *Whitaker v. Livingston*, 732 F.3d 465, 469 (5th Cir. 2013); *Janvey v. Alguire*, 647 F.3d 585, 591, 595 (5th Cir. 2011). The United States Court of Appeals for the Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Bluefield*, 577 F.3d at 253 (internal quotation marks omitted). "The

failure of a movant to establish one of the above four elements will result in the denial of a motion for temporary injunction." *Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989).

"As a threshold matter, the Court may not issue a TRO in this case because (a) [Dingler] has not sworn to specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss or damage will result to him before the [defendants] can be heard in opposition, and (b) [he] has not certified in writing any efforts made to give notice of the filing of the request for a TRO to the [defendants] and the reasons why such notice should not be required." *Ray v. La. Dep't of Pub. Safety & Corrs.*, Civ. A. No. 16-810, 2016 WL 5875947, at *2 (W.D. La. Oct. 7, 2016) (citing FED. R. CIV. P. 65(b)(1)). Nevertheless – and to the extent that he seeks a preliminary injunction – Dingler fails as to the first, substantial-likelihood element.

To state a constitutional claim concerning the medical care he has received at the jail, Dingler must allege facts showing – or from which the Court may reasonably infer – that officials acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). This is an "extremely high standard to meet," *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see, e.g.*, *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), and applies equally to prisoners and detainees, *see Thomas v. Mills*, 614 F. App'x 777, 778 (5th Cir. 2015) (per curiam) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc)).

"Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))). "[T]he 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756 (quoting *Farmer*, 511 U.S. at 838). And a disagreement with medical treatment, or a failure to provide additional medical treatment, alone, does not constitute deliberate indifference. *See id.*; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (to establish a constitutional violation, a plaintiff must show that medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs").

> [Dingler] has not made an adequate showing to obtain the extraordinary remedy of a TRO or preliminary injunction. He obviously disagrees with medical officials at the [jail] about his medical care, but he is receiving some forms of examination and care. It may not be the precise medication, test, or treatment that [Dingler] desires, but a prisoner's disagreement with the diagnostic measures or methods of treatment afforded by prison officials generally does not state a constitutional claim for indifference to medical needs. Frankly, it is rare that a prisoner prevails on a medical care claim, considering the demanding constitutional standard of deliberate indifference to a serious medical need.

*Ross v. Rachal*, No. 15-cv-2148, 2016 WL 4534910, at *1 (W.D. La. June 17, 2016) (citing *Norton*, 122 F.3d at 292), *rec. adopted*, 2016 WL 4540865 (W.D. La. Aug. 29,

2016).

Regarding Dingler's access-to-courts contentions, "[p]risoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. ... [But,] before a [detainee or] prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate 'that his position as a litigant was prejudiced by his denial of access to the courts.'" *McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998) (citations omitted); *see also Wells v. Thaler*, 460 F. App'x 303, 308 (5th Cir. 2012) (per curiam) (An access-to-courts claim is "not cognizable unless the inmate's position as a litigant was actually prejudiced by the denial of access. To prove an 'actual injury,' an inmate must prove that his ability to pursue a claim was hindered or barred by the defendant's actions." (citations omitted)). To allege an access-to-courts claim that is "more than mere hope," it must "be pled in a manner that satisfies Fed. R. Civ. P. 8(a)." *Monroe v. Beard*, 536 F.3d 198, 206 n.6 (3d Cir. 2008) (citing *Christopher v. Harbury*, 536 U.S. 403, 416-18 (2002)).

To the extent his access-to-courts claim is based on his ability to prosecute his deliberate-indifference claim, Dingler has not shown that his ability to pursue this claim has been hindered or barred, as evidenced by the Court's current consideration of the claim. Thus, there is no showing of prejudice to require granting TRO on an access-to-courts claim. Further, to the extent that his access-to-courts claim is related to his pending criminal charges, an inmate's constitutional right of access to the courts may be satisfied by providing a court-appointed attorney. *See Bounds*, 430 U.S. at 828.

And Dingler has not alleged that he has not retained counsel or has not had counsel appointed for him as he faces state felony charges.

## Recommendation

The Court should deny Plaintiff Joseph Kelly Dingler's request for a temporary restraining order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 18, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE