IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH KELLY DINGLER (#00149118), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-2737-G-BN |
| SOUTHERN HEALTH PARTNERS, ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joseph Kelly Dingler, then-detained pretrial at the Rockwall County jail, filed this *pro se* action concerning the medical care he received at the jail. *See generally* Dkt. No. 2. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

Dingler's complaint included a request for a temporary restraining order ("TRO") under which the Court would have directed the jail to provide medical care specified by Dingler, would have directed the jail to provide him resources to allow him to prosecute *pro se* litigation, and would have directed the jail to return him to the general population, to ensure his access to the courts. *See* Dkt. No. 2 at 6-7. Dingler amended his TRO request. *See* Dkt. No. 4. And, over his objections, *see* Dkt. No. 6, the Court denied his request for a TRO as amended, *see Dingler v. S. Health Partner*, No. 3:19-cv-2737-G-BN, 2019 WL 6718038 (N.D. Tex. Nov. 18, 2019), *rec. accepted*, 2019

WL 6717100 (N.D. Tex. Dec. 10, 2019).

Dingler also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 3. And, on December 11, 2019, the Court entered an order requiring Dingler to show cause in writing by January 10, 2020 why the IFP motion should not be denied and, if he fails to pay the $400 filing fee within a reasonable time to be set by the Court, why his case should not be dismissed without prejudice under 28 U.S.C. § 1915(g). *See* Dkt. No. 9.

Dingler filed a notice of change of address on December 20, 2019, indicating that he had been released from custody and providing the Court with an email address at which to contact him, *see* Dkt. No. 11, so, when the December 11, 2019 order was returned as undeliverable/refused, *see* Dkt. No. 12, the Court emailed the order to Dingler on December 26 and December 27, 2019.

Nevertheless, Dingler has not responded to the Court's show-cause order.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Dingler pays the full filing fee of $400.00.

Prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

This prohibition continues if a prisoner is released after his filing – but before

the Court disposition of – the civil action. *See Torns v. Miss. Dep't of Corrs.*, 421 F. App'x 316, 317 (5th Cir. 2010) (per curiam) ("Torns's subsequent release from prison did not entitle him to proceed IFP on an action that he had brought while he was a prisoner subject to the three-strikes bar." (citing *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) ("[T]he language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made."); *Harris v. City of N.Y.*, 607 F.3d 18, 21-22 (2d Cir. 2010) ("Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently."))); *Reese v. Shearwood*, 694 F. App'x 345, 345 n.1 (5th Cir. 2017) (per curiam) ("Reese's release from incarceration while his IFP motion was pending does not relieve him from the requirements of § 1915(g)." (citing *Baños*, 144 F.3d at 884-85; *Torns*, 421 F. App'x at 317)); *see also Davis v. Se. Ga. Pub. Defender Office*, No. 7:18-CV-99-WLS-TQL, 2018 WL 9490347, at *1 (M.D. Ga. Oct. 24, 2018) (collecting cases).

As set out in December 11, 2019 order, Dingler is subject to the three-strikes bar:

> Decisions from the United States Court of Appeals from the Fifth Circuit, this Court, and at least one other district court in this circuit appear to reveal that Dingler is subject to the three-strikes bar. *See, e.g., Dingler v. Bowles*, 113 F. App'x 6, 7 (5th Cir. 2004) (per curiam) (observing that he is "BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury" (citation omitted)); *Dingler v. Prison Litig. Reform Act*, No. 3:06-cv-788-N, 2006 WL 3703239, at *1 (N.D. Tex. Dec. 15, 2006) (Dingler "essentially challenges the application of the Prison Litigation Reform Act (PLRA) to bar prisoners who have accumulated three or more 'strikes' from

>   proceeding *in forma pauperis*. He contends that his challenge to the Prison Litigation Reform Act and its application to him is 'a form of custody restraining his liberty to litigate.' He specifically requests that the Court not construe this action as a civil rights action under 42 U.S.C. § 1983."); *Dingler v. Prison Litig. Reform Act*, No. 3:06-cv-261, Dkt. No. 3 (S.D. Tex. May 2, 2016) ("Joseph Dingler filed a 'Petition for Writ of Habeas Corpus.' In his pleading Dingler argues that he and other prisoners who have accumulated 3 or more 'strikes' under the provisions of 28 U.S.C. § 1915 are being held in custody in violation of the United States Constitution because they are being denied the right to petition the Courts for redress *in forma pauperis*. Dingler's argument does not state a habeas claim, it is more akin to a civil rights complaint which would be barred under § 1915(g). ... It is further ORDERED that Dingler's Complaint is DISMISSED, without prejudice, under the 3-Strike provision of 28 U.S.C. § 1915(g).").

Dkt. No. 9 at 3-4.

The only exception to this bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños*, 144 F.3d at 884-85)).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded

in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

Thus, the "specific allegations" must reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). For example, as to allegedly inadequate medical care, use of "the past tense when describing" symptoms – which should be corroborated by medical records or grievances – is not sufficient to allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam).

And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As this action falls under the three-strikes provision, Dingler may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But his complaint lacks substantive factual allegations to show that Dingler currently is in imminent danger of serious physical injury as to overcome Section 1915(g). And his apparent release from custody seems to confirm this.

The Court should therefore deny Dingler leave to proceed IFP. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Joseph Kelly Dingler pays the full filing fee of $400.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE